# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5789 | **DATE** | MARCH 22, 2002 |
| **CASE TITLE** | Brian R. Chandler v. Kane County Jail, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Defendants' motion to dismiss [10] is granted in part and denied in part. Kane County is dismissed from this action. Plaintiff's claim as to lack of medical care for a torn tendon is dismissed as time barred. Defendants Collins, Buldak, Bailey, Dahlke, and Flowers remain in this action and the claim that they were deliberately indifferent to plaintiff's serious medical needs will proceed. Plaintiff's motion for leave to amend instanter [14] is denied as unnecessary. Defendants are given 20 days to answer or otherwise plead to the complaint.

(11)  ■  [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 6 2002 | | |
| X | Docketing to mail notices. | | date docketed | | 17 |
| | Mail AO 450 form. | | 1S | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | docketing deputy initials | | |
| CLH | courtroom deputy's initials | 02 MAR 25 AM 8: 27 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Brian R. Chandler,                          )
                                            )
                    Plaintiff,              )
                                            )        Judge Wayne R. Andersen
        v.                                  )
                                            )        No. 01 C 5789
Kane County Jail, Kane County,              )
Ronald Collins, Eugene Buldak,              )
Officer Bailey, Officer Dahlke,             )
Sgt. Flowers                                )
                                            )
                    Defendants.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian R. Chandler, currently an inmate at Dixon Correctional Center, brings this

*pro se* complaint pursuant to 42 U.S.C. § 1983 in regard to numerous incidents while he was

detained at the Kane County Jail. Defendants Kane County, Ronald Collins, Eugene Buldak,

Officer Bailey, Officer Dahlke, and Sgt. Flowers have filed a motion to dismiss. Chandler has

filed a response to the motion and a motion for leave to amend. For the following reasons,

defendants' motion to dismiss is granted in part and denied in part.

### I. Standard of Review on a Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to

decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice

pleading requires only that the plaintiff "set out in her complaint a short and plain statement of

the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1234 (2000). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

However, while it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morten High School*, 144 F.3d 448, 455 (7th Cir. 1998) (*quoting Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). All plaintiffs – whether *pro se* or represented – must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chowla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990).

## II. Facts

As an initial matter, the court considers defendants' argument in their reply brief that Chandler's response to the motion to dismiss is a wholesale rewrite of his original complaint, by

which Chandler is attempting to overcome the motion to dismiss by a blanket assertion of new allegations. Defendants accordingly stand on their original motion to dismiss because Chandler did not seek to amend his original complaint.

Mindful that the Federal Rules of Civil Procedure require notice and not fact pleading, the Seventh Circuit has taken a liberal view toward responses to motions to dismiss that refer to facts not originally pleaded. The court of appeals has held that "'[a] plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief' in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint." *Hentosh v. Herman M. Finch University*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) *(quoting Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992))*.

The court finds that Chandler's factual assertions in his response are consistent with the allegations of his complaint and will accordingly consider them along with the allegations of the original complaint.

In line with the foregoing authorities, the following factual statement is drawn from Chandler's complaint and response.

Chandler was detained at the Kane County Jail from November 24, 1998, through September 9, 1999. During this time he attempted suicide a number of times. Guards punched, kicked, and spat on him. He was denied visitation and phone contact with his family. One of the side effects of his medication was suicidal thoughts and tendencies. The Kane County medical staff told him that this would lapse, but it did not. The jail provided false information to both Mercy and Delnor Hospitals. A chronology of specific incidents follows:

On December 27, 1998, Officer Hardin[1] supplied him with a razor with which he slashed his wrists. He was transported to Mercy Hospital where he was stitched and released.

On January 14, 1999, Chandler fell in the shower, injuring his left elbow. He was taken to the hospital and diagnosed with a possible tendon tear.

On January 26, 1999, he was taken to Sherman Dialysis Center where the tendon tear was confirmed. A follow-up appointment was set up for four weeks later but Chandler was never taken for any further care. Chandler slept on the infirmary floor from January 16, through February 18, 1999.

On March 14, 1999, Chandler slashed his wrists and neck with a razor he had obtained from Officer Markham[2] and was rushed to Delnor Hospital. He was returned to Kane County Jail on the condition the Kane County obtain a certificate to have Chandler hospitalized within 24 hours. Sgt. Carter[3] had assumed responsibility for Chandler.

On March 15, 1999, Commander Collins decided not to obtain the certificate for hospitalization.

Several days later, Sgt. Flowers removed Chandler from the "risk" area, where he had spent three days in a restraint chair, to a maximum segregation area. Chandler was kicked and punched and told that there would be no witnesses so he should "get use [sic] to this type of

---

[1]Officer Hardin has never been named as a defendant.

[2]Officer Markham has never been named as a defendant.

[3]Sgt. Carter has never been named as a defendant.

4

treatment." Officers Dahlke, Bailey, and several others continued this "treatment" on a daily basis.

On April 25, 1999, Officer Dahlke kicked Chandler, causing severe bruising. Dahlke frequently went to Chandler's cell and urged him to "liven things up." Dahlke kicked Chandler on another occasion, but Chandler does not give the date. Both incidents were reported to Sgt. Lewis[4] and the nurse on duty.

On April 25, 1999, Sgt. Flowers escorted Chandler to segregation where he threw Chandler to the ground and struck him several times. On another occasion, Flowers used pepper spray on Chandler.

On April 26, 1999, Commander Collins ordered Chandler to be removed from "risk" and taken to a maximum security segregation unit. He remained there through June 26, 1999.

On June 16, 1999, Chandler slashed his wrists and was taken to Mercy Hospital where he was stitched and released.

On June 19, 1999, Chandler slashed his wrists and neck and was taken to Mercy Hospital where he was stitched and released.

On August 11, 1999, Officer Bailey came to Chandler's cell after he had slashed his wrists and neck. Bailey struck Chandler in the face twice and twisted his arm until the nurse told him to stop. At about 1:40 p.m. Chandler was taken to the hospital and was returned to the jail at about 3:30 p.m. Officer Bailey then gave him an object and told him to "do it right, punk." At about 9:30 p.m. Chandler used this object and slashed his wrists and neck. He was returned

---

[4]Sgt. Lewis has never been named as a defendant.

to Mercy Hospital and interviewed by two psychiatrists, who recommended immediate hospitalization. Kane County refused and returned Chandler to the jail. Officer Bailey continued to harass Chandler and encourage him to end his life throughout his stay at the jail. Commander Collins ordered Chandler to be taken to a maximum security segregation unit, where he remained through September 8, 1999.

On August 16, 1999, Director Buldak received a letter, presumably from Chandler's family. He called Chandler's family the next day and assured them that there would be no further incidents. Buldak did not follow up and did not respond to further phone calls and letters.

On August 19, 1999, Chandler slashed his wrists and was taken to Mercy Hospital where he was stitched and returned to the jail.

On September 5, 1999, Chandler slashed his neck and wrists and was taken to Mercy Hospital where he was stitched and returned to the jail.

On September 8, 1999, Officer Bailey opened Chandler's cell door, spat on him, threw his breakfast on the floor, and told him his G.D. Buddies would see Chandler in prison.

### III. Analysis

Defendants argue that most of Chandler's claims are barred by the statute of limitations.[5] *Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2000), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989). The Clerk of the Court received Chandler's complaint on July 26, 2001; the complaint itself is dated July 18, 2001; and the envelope in which it was mailed is postmarked July 25, 2001. Giving Chandler every latitude, it would appear that he delivered the complaint to prison officials for mailing on July 18, 2001. It would appear that the statute of limitations bars all claims that occurred before July 18, 1999.

---

[5]Neither party directly addresses which constitutional provision Kane County Jail personnel allegedly violated. However, as the alleged events happened while Chandler was a pretrial detainee, only the Due Process Clause of the Fourteenth Amendment is applicable. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). It appears Chandler is alleging that defendants have been deliberately indifferent to his serious medical needs, both by ignoring the advice of medical personnel and creating an atmosphere conducive to suicidal attempts. The standard for analyzing a pretrial detainee's Fourteenth Amendment Due Process Claim is identical to the standard employed to judge a convicted inmate's Eighth Amendment cruel and unusual punishment claim. *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1094 (7th Cir. 1986).

In response, Chandler argues that his complaint encompasses a continuing chain of events from December 27, 1998, through September 5, 1999. He also argues that he was denied access to a phone, writing materials, or anything with which he could bring an action until he was released from Kane County Jail into the custody of IDOC on September 9, 1999. Finally, he argues that he waited to bring this action as a whole, and not in pieces, in the interest of judicial economy.

Chandler's second and third arguments may be dispensed with easily. His second argument, of course, does not explain why Chandler waited almost two years after he entered IDOC to file this action since he does not claim any impediment to filing suit after he left Kane County Jail. Although the court appreciates Chandler's concern for judicial economy, once again, he could have brought this action shortly after entering IDOC, including all the events at Kane County Jail, and there would have been no question that he filed within the statute of limitations.

However, Chandler claims that these events at the jail constitute a continuing chain of events. In *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001), the Court of Appeals thoroughly analyzed the doctrine of continuing violation. In *Heard*, the plaintiff developed a hernia that caused considerable pain. He unsuccessfully demanded medical attention for months. After a doctor examined him and recommended surgery, Cook County Jail refused to act on the recommendation. As in the instant case, the plaintiff in *Heard* did not file his complaint until almost two years after he had left the jail (in fact, one day before two years expired). The Court of Appeals explained that when a violation is continuing, then a plaintiff can reach back to its

beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit the plaintiff to sue separately over every incident of the defendants' unlawful conduct. The Court of Appeals concluded that it would be unreasonable for the plaintiff to have filed a suit after each action of the defendants in refusing him medical attention for his hernia.

In the instant action, Chandler recounts a number of instances in which he attempted suicide. He alleges that several times the officers gave him razors or other objects with which to harm himself. It appears that Chandler not only alleges that these officers were deliberately indifferent to the fact that he was a suicide risk but also actively encouraged him to attempt suicide on several occasions. In *Heard* the plaintiff had an ongoing medical condition, that is, the hernia, which the defendants refused to treat. In the instant case, Chandler alleges to have an ongoing problem with being a suicide risk which the defendants either did not act to prevent or, in several instances, actively encouraged. Under these circumstances, the court finds that the continuing series of events that Chandler relates constitutes a continuing violation and accordingly is not barred by the statute of limitations.

Chandler also describes several beatings and a torn tendon that was not treated. The beatings appear to be inextricably intertwined with the guards' treatment of Chandler as a suicide risk. The court accordingly will allow these claims to proceed. The incident of the torn tendon, however, is a separate incident from the suicide attempts. Because this claim occurred more than two years before Chandler filed this action, it is time barred and is accordingly dismissed from this action.

Defendant Kane County argues that it should be dismissed from this action because Illinois county boards cannot be held liable for the actions of county sheriffs, and that suits against sheriffs in their official capacities are in reality suits against the county sheriff's department and not the county board. *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) (citations omitted). The court agrees and dismisses Kane County from this action.

Defendants Jail Commander Ronald Collins and Jail Director Eugene Buldak argue that they are not even mentioned in the statement of claim and naming them in the caption is an attempt on the part of Chandler to attach liability via the doctrine of respondeat superior.

Defendants Collins and Buldak are correct that an individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

However, in his response, Chandler has cured this defect by describing how both Collins and Buldak were involved in the alleged constitutional violations. It is not exactly clear what constitutional right Buldak violated by not following up on his guarantee to Chandler's family that the situation would be resolved and there would be no further incidents. However, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.

*Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Chandler will need to demonstrate, at a later stage of this litigation, exactly how Buldak, along with the other defendants, violated his constitutional rights. But he does not need to prove his allegations when responding to a motion to dismiss.

Officer Bailey argues that he should be dismissed from the action because there is no allegation that Chandler actually used the object that Bailey allegedly gave Chandler to attempt suicide. Although Chandler does not disclose the nature of the object that Bailey gave him, he states in his response that he used this object in the second suicide attempt that day. Bailey's other actions appear to be part of an overall pattern of jail officials and officers to encourage Chandler's suicidal tendencies. Officer Bailey is accordingly not dismissed from this action.

Officer Dahlke and Sgt. Flowers argue that any claims against them are barred by the statute of limitations. As discussed earlier, the court finds that most of the actions by jail personnel constitute a continuing violation and are thus not barred by the statute of limitations.

Finally, defendants argue that Chandler's vague claims related to his medical care at the jail should be dismissed because Chandler disagrees with the judgment of medical professionals. However, Chandler makes quite clear in his response the jail officials did not follow the recommendations of medical professionals, including that of the jail's own psychiatrist, Dr. Kaariainen, who recommended hospitalization. Moreover, this alleged refusal to follow the recommendations of medical personnel reinforces the fact that this was a continuing violation of Chandler's constitutional rights.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Kane County is dismissed from this action. Chandler's claim as to lack of medical care for a torn tendon is dismissed as time barred. Defendants Collins, Buldak, Bailey, Dahlke, and Flowers remain in this action and the claim that they were deliberately indifferent to his serious medical needs will proceed. Chandler's motion for leave to amend instanter is denied as unnecessary. Defendants are given 20 days to answer or otherwise plead to the complaint.

It is so ordered.

_Wayne C. Andersen_
Wayne R. Andersen
United States District Judge

Dated: _March 22, 2002_